PAUL SVEC, PETITIONER-RESPONDENT, v. WESTFIELD
MOTOR SALES, INC., RESPONDENT-APPELLANT.

Union County Court
Law Division

Decided March 12, 1969.

*Mr. Otto C. Staubach* for petitioner (*Messrs. Weiner, Weiner & Glennon,* attorneys).

*Mr. Isidor Kalisch* attorney for respondent.

Di Buono, J. C. C.    Petitioner, Paul Svec, was injured while working at Westfield Motor Sales, Inc., on August 4, 1960. He filed claim petition on June 4, 1962, alleging injury to his forehead and right eye. Westfield answered, admitting compensability of the head, but denied that any injury to the eye was related to the accident.

A hearing was held before a formal referee on October 10, 1962. At the outset it was stipulated that

"The sole issue in this case is the *nature* and *extent* of permanent disability for a suturing of the right eyebrow, scar over the right eyebrow, as a result of the aforementioned accident. * * * (Emphasis supplied)

Petitioner testified to the details of the accident and extensive medical testimony was taken, not only as to the head injury, but as to the eye injury as well. The referee, in conclusion, stated:

"The sole issue remaining is the *nature and extent* of permanent disability and from the proofs adduced before me, I find petitioner sustained a partial permanent disability of 3½% of total which is neurological in nature entitling him to 19¼ weeks at $35.00 a week or $673.75. As far as any claim for loss of vision or an early cataract in the petitioner's right eye, the treating records and that of Dr. Plain spelled out the view that this incident could not cause that and I so find and that the disability given to the petitioner will be strictly for the scar and any anxiety reaction he may have had as a result of this accident." (Emphasis supplied)

Following entry of this judgment, petitioner filed an application for review and modification of formal award, pursuant to *N. J. S. A.* 34:15–27, alleging an increase of disability as 100% of the right eye. Respondent denied liability, any increase in disability, and further asserted that the judgment by the referee was *res judicata*.

The judge of compensation, in denying respondent's motion to dismiss, held that the referee's judgment was not *res judicata* for the reason that he had exceeded his jurisdictional powers as specified under *N. J. S. A.* 34:15–22 of the Workmen's Compensation Act because he made a finding not only as to the extent of disability resulting from the head injury, but also as to the causal relationship of a nonstipulated eye injury which allegedly resulted from the accident.

The matter was then reheard by the judge of compensation, who stated that "The issue before me is the nature and extent of ophthalmological injury causally related to the accident of August 4, 1960." * * * He found petitioner's blindness of the right eye was caused by the accident and was due to the worsening of the condition of the injury to the head for which petitioner had been compensated; that respondent was responsible for 100% loss of vision of that eye, and that petitioner was totally disabled from all causes under conditions such as entitle him to benefits.

The compensation judge, in finding that the referee had exceeded his jurisdictional and statutory power, relied on *N. J. S. A.* 34:15–22, which provides in part:

"No agreement between an employee and his employer * * * for compensation shall operate as a bar to the formal determination of any controversy, unless such agreement has been approved by the * * * referee designated as a 'referee, formal hearings,' in open court; provided, * * * that *the only issue involved is the extent of the disability*, the * * * referee * * * may, with the consent of the parties, after considering the sworn testimony of the petitioner and such other witnesses present, together with *any stipulations of the parties*, enter a determination and rule for judgment which shall include a finding of fact as to *the amount of the then present disability*. * * *" (Emphasis supplied)

The judge of compensation, in arguing against respondent's contention that every finding of extent of disability necessarily implies a finding of causal relation between the disability and the accident, stated that section 20 must be read *in pari materia* with the other sections of the act. After citing various sections which refer to both "extent and nature," he commented:

"Again, we have in the conjunctive a reference to the nature and extent. And section 22 very pointedly uses the language, the 'only' issue involved shall be the extent of disability. So it would appear to me that there is sufficient language in the statute under the several sections to which I made reference that there is a distinction made between the nature of the injury and the extent of the injury, and the powers conferred upon a Referee."

This Court must agree; the language of *N. J. S. A.* 34: 15–22 specifically states that a referee may make an adjudication "when it shall appear * * * that the *only issue involved is the extent of the disability*" (emphasis supplied). Therefore, it would follow that all other issues, such as the nature or cause of the injury, must be stipulated by the parties, thereby leaving only the extent of the disability to be determined by the referee.

█ This procedure was not followed in the present case. Notwithstanding the fact that there may have been a stipulation by and between the parties that the injury was solely neurological in nature, the referee, at the formal hearing, allowed extensive testimony to be taken on the issue of

ophthalmological injury. This was clearly in violation of the statute.

The court, in specifically discussing *N. J. S. A.* 34:15–22, stated in *Ferraro v. Zurcher,* 12 *N. J. Super.* 231 (*App. Div.* 1951):

"Before there exists an adjudication of the extent of disability which may be modified only under R. S. 34:15–27 (that is, when, as here, the only issue involved is the extent of disability), there must be a determination and rule for judgment which includes *a finding of fact as to the amount of the then present disability* and which is entered after hearing in open court upon consideration of the sworn testimony of petitioner and other witnesses present, together with any *'stipulations of the parties,'* and which otherwise satisfies the requirement of the proviso to *R. S.* 34:15–22. * * *" (at *p.* 235; emphasis supplied)

The court, by exclusion, makes it quite obvious that a hearing under *N. J. S. A.* 34:15–22 is not to encompass any more than a finding as to the extent of disability along with any stipulations made by the parties. For a referee to go beyond these limitations is a violation of his statutory power and jurisdiction. Such error, in effect, negates that part of the judgment over which the court had no jurisdiction. *Res judicata* will not apply to that portion of the judgment because "*Res judicata* applies only in the case of a final judgment." *Andersen v. Well-Built Homes of Central Jersey, Inc.,* 69 *N. J. Super.* 246, 254 (*App. Div.* 1961).

The Supreme Court of New Jersey, in discussing finality of judgment, stated:

"A workman who sustains a work connected accidental injury is entitled to compensation for any resulting percentage of a partial permanent disability. When such an award is made, the natural presumption is that it fully compensates him within the statutory limits for the permanent incapacity and the symptoms and physical weakness which are representative of such incapacity. * * * The allowance made is *res judicata* and binds both employer and employee for all time subject only to *N. J. S. A.* 34:15–27 which authorizes an application by the employer for review and reduction thereof if the disability has diminished, or by the employee within

two years after the last payment of benefits, for additional compensation if his incapacity increases." *Schiffres v. Kittatinny Lodge, Inc.*, 39 *N. J.* 139, 147–148 (1963).

The court, in defining the boundaries of *N. J. S. A.* 34:15–27 in *Tucker v. Frank J. Beltramo, Inc.*, 117 *N. J. L.* 72, 80 (*Sup. Ct.* 1936), stated:

"* * * The extent of the disability, in so far as it may have subsequently increased or diminished, or ended, is properly the subject, and the only subject, of review under this clause. This is the full extent and limit of the continuing jurisdiction. A corollary is that the statute is inapplicable where the original adjudication was that the employee had not sustained a compensable injury, as distinguished from injury of the statutory character then found to have been fully compensated."

■ Applying the above guidelines to the present case, this court must conclude that if the eye's formation of a cataract was the result of the worsening of a previously compensated condition, *i. e.*, from the blow and damage to the eyebrow, then this increase of disability is the proper subject for modification and review under *N. J. S. A.* 34:15–27, and it is inconsequential that the referee found the nature of the cataract condition to have no causal relation to the accident, since this determination was not within his jurisdiction.

■ Admittedly, however, if the formation of the cataract was independent and unrelated to the injured eyebrow but nevertheless a result of the same accident, then petitioner's relief from the referee's adverse finding of noncompensability of the cataract condition should have been by way of appeal within 45 days under *N. J. S. A.* 34:15–66, or by the filing of a new petition in the Workmen's Compensation Court, and not by way of modification of a previous award for disability under *N. J. S. A.* 34:15–27.

■ It is this court's opinion, however, that the present case falls within that area which is subject to modification under *N. J. S. A.* 34:15–27. In reviewing the record with special attention to the medical testimony, I find that pe-

titioner's proofs sufficiently establish that the blow to the region located above the right eye was so severe so as to cause an injury to the right eye and the formation of a traumatic cataract. The cataract being the result of the *worsening of the previously compensated injury* was, therefore, properly the subject for modification by the judge of compensation. Hence, respondent's additional argument that petitioner's relief was by way of appeal, pursuant to *N. J. S. A.* 34:15–66, is rejected.

The judgment of the Workmen's Compensation Court is hereby affirmed.